IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOLAIA TECHNOLOGY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 03 C 0989 |
| ) | |
| AMERICAN HONDA MOTOR CO., ) | |
| INC., APPLETON PAPERS INC., ) | Judge Conlon |
| GEORGIA-PACIFIC CORPORATION, ) | |
| HERSHEY FOODS CORPORATION, ) | Magistrate Judge Bobrick |
| INTERNATIONAL PAPER COMPANY, ) | |
| MILLER BREWING COMPANY, ) | |
| OCEAN SPRAY CRANBERRIES, INC., ) | |
| and UNITED STATES STEEL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

NOW COMES defendant, Appleton Papers Inc., ("Appleton") and for its answer to the Complaint of Plaintiff Solaia Technology LLC ("Solaia") states as follows:

This answer constitutes a pleading solely of defendant Appleton and not of any other defendant. Appleton denies all allegations in the Complaint except as specifically admitted hereunder.

    1.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter under 28 U.S.C. § 1338(a). Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). This case is related to Civil Actions Nos. 02 C 4704, *Solaia v. Arvinmeritor Inc., et al.* (pending before the Honorable Ronald A. Guzman), and 03 C 00516, *Solaia v. Mrs. Smith's Bakeries LLC* (pending before the Honorable Suzanne B. Conlon) now pending before this Court as the same patent is at issue in all three matters.

**ANSWER**    Appleton admits that the Complaint states a cause of action for patent infringement arising under the laws of the United States, Title 35 of the United States Code, but Appleton denies that any patent infringement has occurred. Appleton denies that this Court has exclusive jurisdiction over the subject matter under 28 U.S.C. § 1338(a) but admits that this Court has subject matter jurisdiction over Solaia's claims. Appleton does not contest that venue is proper in this District. Appleton denies that this case is "related" to other civil actions pending in this District, but Appleton admits that the same patent is at issue in Civil Action No. 02 C 4704.

> 2.    This Complaint is brought against representative defendants from a cross-section of industries that practice the inventions claimed in the asserted claims 11 and 12 of United States Patent No. 5,038,318 ("the '318 Patent"), entitled "Device For Communicating Real Time Data Between A Programmable Logic Controller And A Program Operating In A Central Controller" ("the Roseman Patent" or "the '318 Patent") (Exhibit A).

**ANSWER**    These allegations are denied in their entireties.

> 3.    Each of the named defendants in this action has been placed on notice previously of its infringement of the '318 Patent. Each has been provided with detailed analyses of the asserted claims 11 and 12. Each has been given an opportunity to accept a license under reasonable terms, but has refused to do so. Each has been asked to permit an inspection of its facilities to demonstrate the basis for the charge of infringement.

**ANSWER**    Appleton admits that counsel for Solaia requested a plant inspection and offered to license the '318 patent to Appleton, but Appleton denies the remaining allegations of this paragraph.

> 4.    A determination of patent infringement requires a two-step analysis. First, the Court determines, as a matter of law, the scope

2

and meaning of the patent claims asserted. Second, the properly construed claims are compared to the accused systems as a question of fact. Here, the asserted claims 11 and 12 of the '318 Patent have been interpreted, as a matter of law, by the Honorable James F. Holderman on March 28, 2002, in related Civil Action No. 01 C 6641 of the United States District Court for the Northern District of Illinois, Eastern Division. A copy of Judge Holderman's legal interpretation is attached as Exhibit B.

**ANSWER** Appleton admits that, as a general statement of the law, a determination of patent infringement requires a two-step analysis, in which a court first determines, as a matter law, the scope and meaning of the patent claimed as relevant to the facts before the court and that next the properly construed claims are compared to the accused subject matter as a question of fact. Appleton admits that the Honorable James F. Holderman issued an Order in another lawsuit partially construing certain portions of the asserted claims 11 and 12 of the '318 Patent on March 28, 2002, and that a copy of Judge Holderman's Order is attached as Exhibit B to the Complaint. Appleton denies that the asserted claims have been interpreted as a matter of law, denies that Judge Holderman's Order is necessarily binding on Appleton, and otherwise denies the allegations in paragraph 4.

> 5. Solaia is an Illinois limited liability company with its only place of business in Chicago, Illinois. Solaia owns all right, title and interest in and has standing to sue for infringement of the '318 Patent. Solaia and the previous owners of the '318 Patent (who also has their principal offices in this judicial district) have complied with the marking provision of 35 U.S.C. § 287.

**ANSWER** Denied as to marking pursuant to 35 U.S.C. 287. Appleton is without sufficient knowledge of the other matters raised in paragraph 5 and therefore denies the same.

3

6. American Honda Motor Co., Inc. is a California corporation with its principal place of business at 1919 Torrance Blvd., Torrance, California 90505-2746.

**ANSWER** Appleton is without sufficient knowledge of the matters raised in paragraph 6 and therefore denies the same.

7. Appleton Papers, Inc. is a Delaware corporation with its principal place of business at 825 E. Wisconsin Avenue, Appleton, Wisconsin 54912. Appleton Papers, Inc. is registered to do business in Illinois.

**ANSWER** Admitted, except that the correct name of the defendant is "Appleton Papers Inc."

8. Georgia Pacific Corporation is a Georgia corporation with its principal place of business at 133 Peachtree Street, NE, Atlanta, Georgia 30303. Georgia-Pacific Corporation is registered to do business in Illinois.

**ANSWER** Appleton is without sufficient knowledge of the matters raised in paragraph 8 and therefore denies the same.

9. Hershey Foods Corporation is a Delaware corporation with headquarters at 100 Crystal A Drive, Hershey, Pennsylvania 17033. Hershey Foods Corporation is registered to do business in Illinois.

**ANSWER** Appleton is without sufficient knowledge of the matters raised in paragraph 9 and therefore denies the same.

10. International Paper Company is a New York corporation with its principal place of business at 2 Manhattanville Road, Purchase, New York 10577. International Paper Company is registered to do business in Illinois.

4

**ANSWER**   Appleton is without sufficient knowledge of the matters raised in paragraph 10 and therefore denies the same.

> 11.   Miller Brewing Company is a Wisconsin corporation with its principal place of business at 3939 West Highland Boulevard, Milwaukee, Wisconsin 53208. Miller Brewing Company is registered to do business in Illinois.

**ANSWER**   Appleton is without sufficient knowledge of the matters raised in paragraph 11 and therefore denies the same.

> 12.   Ocean Spray Cranberries, Inc. is a Delaware corporation with its principal place of business at 1 Ocean Spray Drive, Lakeville-Middleboro, Massachusetts 02349. Ocean Spray Cranberries, Inc. is registered to do business in Illinois.

**ANSWER**   Appleton is without sufficient knowledge of the matters raised in paragraph 12 and therefore denies the same.

> 13.   United States Steel Corporation is a Delaware corporation with its principal place of business at 600 Grant Street, Pittsburgh, Pennsylvania 15219. United States Steel Corporation is registered to do business in Illinois.

**ANSWER**   Appleton is without sufficient knowledge of the matters raised in paragraph 13 and therefore denies the same.

> 14.   Each named defendant has infringed claims 11 and 12 of the '318 Patent through, among other activities, the use of the patented control system along with its processes for industrial automation in manufacturing facilities located in the United States.

**ANSWER**   Denied as to Appleton. Appleton does not have knowledge of the practices of other defendants and thus denies this allegation as to other

defendants. Appleton further denies that any defendant has liability to Solaia, at least because of the invalidity of the '318 patent.

15. Even though [sic] each of the named defendants was previously given actual notice of its infringement by Solaia.

**ANSWER** Denied.

16. The infringement by each of the defendants has injured Solaia, and Solaia is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER** Denied.

17. The infringement by each of the defendants has been willful and deliberate and has injured and will continue to injure Solaia, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of the patented control system and corresponding processes and the further manufacture of products made through the use of the inventions claimed in the '318 Patent.

**ANSWER** Denied.

### PRAYER FOR RELIEF

Appleton denies that Solaia is entitled to any of the relief it requests. Appleton specifically denies that Solaia is entitled to any relief against Appleton.

### AFFIRMATIVE DEFENSES

### NON-INFRINGEMENT

18. Solaia has accused Appleton of infringing U.S. Patent 5,038,318 ("the '318 patent") (but Appleton denies that any infringement has occurred).

6

19. The allegations made by Solaia are unfounded, and neither Solaia nor any prior owner of the '318 patent is entitled to any relief from Appleton, because Appleton has never infringed and is not presently infringing the '318 patent.

## INVALIDITY

20. Appleton repeats the allegations in paragraphs 18 to 19 above.

21. The allegations made by Solaia are unfounded, because the '318 patent is invalid in its entirety under one or more provisions of Title 35, United States Code.

## LACHES

22. Appleton repeats the allegations in paragraphs 18-21 above.

23. Solaia's cause of action is barred by laches.

## EQUITABLE ESTOPPEL

24. Appleton repeats the allegations in paragraphs 18-23 above.

25. Solaia's cause of action is barred by equitable estoppel.

## LICENSE

26. Appleton repeats the allegations in paragraphs 18-25 above.

27. Solaia's claims are barred in whole or part, because Appleton is licensed to practice under the '318 patent.

### LIMITATIONS

28. Appleton repeats the allegations in paragraphs 18-27 above.

29. Solaia's claims for damages are barred for any conduct occurring prior to six years before the date of filing of this lawsuit.

### FAILURE TO MARK

30. Appleton repeats the allegations in paragraphs 18-29 above.

31. Solaia's claims for damages prior to the date Solaia asserted the '318 patent against Appleton are barred for the alleged prior owner's failure to mark products that are now alleged to fall within the scope of the patent in suit.

### COUNTERCLAIMS FOR PATENT NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY AGAINST APPLETON

### NATURE OF LAWSUIT

1. This is an action seeking a declaration of non-infringement, invalidity, and unenforceability of U.S. patent 5,038,318.

2. In light of the allegations raised in the complaint by Solaia against defendant Appleton, an actual and justiciable controversy exists between Solaia and Appleton as to the non-infringement by Appleton of the '318 patent, as to the invalidity of the '318 patent, and as to the unenforceability of the '318 patent against Appleton.

3. This court has subject matter jurisdiction over Appleton's counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Venue is proper in this District under 28 U.S.C.

§§ 1391(b) and 1400 and by virtue of the fact that Solaia has presented its complaint against Appleton in this District.

## NON-INFRINGEMENT

4. Appleton herein repeats the allegations set forth in paragraphs 1 to 3 of the counterclaims.

5. Appleton has not infringed and is not infringing claims 11-12 of the U.S. Patent 5,038,318 and has no liability to Solaia or any prior owner of the '318 patent. Appleton is entitled to a Declaration to this effect.

6. Appleton is not infringing any other claims of the '318 patent and has no liability to Solaia or any prior owner of the '318 patent. Appleton is entitled to a Declaration to this effect.

7. In light of the clear noninfringement of the '318 patent, especially in light of representations made to the Patent and Trademark Office during prosecution of the '318 patent which constitute prosecution history estoppel, this case is "exceptional" under 35 U.S.C. § 285.

## INVALIDITY

8. Appleton repeats the allegations set forth in paragraphs 1 to 7 of the counterclaims.

9. U.S. Patent 5,038,318 is invalid in its entirety under one or more provisions of Title 35, United States Code, and Appleton is entitled to a Declaration to this effect.

## LACHES

10. Appleton repeats the allegations set forth in paragraphs 1-9 of the counterclaims.

11. Solaia's claims for damages and equitable relief are barred by the doctrine of laches, and Appleton is entitled to a Declaration to this effect.

## EQUITABLE ESTOPPEL

12. Appleton repeats the allegations set forth in paragraphs 1-11 of the counterclaims.

13. Solaia's claims for damages and equitable relief are barred by equitable estoppel, and Appleton is entitled to a Declaration to this effect.

## LICENSE

14. Appleton repeats the allegations set forth in paragraphs 1-13 of the counterclaims.

15. Solaia's claims for damages and equitable relief are barred in whole or part because Appleton is licensed under the '318 patent, and Appleton is entitled to a Declaration to this effect.

## FAILURE TO MARK

16. Appleton repeats the allegations set forth in paragraphs 1-15 of the counterclaims.

17. Solaia's claim for damages is barred for the alleged prior owner's failure to mark products that are now alleged to fall within the scope of the patent in suit.

## PRAYER FOR RELIEF

Wherefore, Appleton asks this court to enter judgment against Solaia and against its subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. A Declaration that Appleton has not infringed and is not infringing any claim of U.S. patent 5,038,318;

B. A Declaration that U.S. Patent 5,038,318 is invalid in its entirety;

C. A Declaration that all of Solaia's claims against Appleton are barred by laches;

D. A Declaration that all of Solaia's claims against Appleton are barred by equitable estoppel;

E. A Declaration that Appleton is licensed to practice in whole or part under U.S. Patent 5,038,318;

F. A Declaration that Solaia's claim for damages against Appleton is barred in part for failure to mark;

G.    A Declaration that Appleton has no liability to Solaia or any prior owner of U.S. Patent 5,038,318;

H.    A declaration that this is an exceptional case under 35 U.S.C. § 285, and an award to Appleton of all remedies available thereunder, including court costs and attorneys' fees;

I.    Such other and further relief as this Court may deem proper and just.

## JURY DEMAND

Appleton demands a trial by jury on all issues related to its counterclaim that are so triable.

*/s/ Allen E. Hoover*

Allen E. Hoover (IL 06216256)
LEYDIG, VOIT & MAYER
Two Prudential Plaza Suite 4900
180 North Stetson
Chicago, Illinois 60601-6780
(312) 616-5600 (telephone)
(312) 616-5700 (facsimile)

Attorneys for Defendant
Appleton Papers Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOLAIA TECHNOLOGY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 03 C 0989 |
| ) | |
| AMERICAN HONDA MOTOR CO., ) | |
| INC., APPLETON PAPERS INC., ) | Judge Conlon |
| GEORGIA-PACIFIC CORPORATION, ) | |
| HERSHEY FOODS CORPORATION, ) | Magistrate Judge Bobrick |
| INTERNATIONAL PAPER COMPANY, ) | |
| MILLER BREWING COMPANY, ) | |
| OCEAN SPRAY CRANBERRIES, INC., ) | |
| and UNITED STATES STEEL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## PROOF OF SERVICE

The undersigned attorney certifies that this correspondence was served in accordance with Local Rule 5.5 by regular U.S. mail, courtesy copy via facsimile, to the following on the date indicated below:

| | |
|---|---|
| **Niro, Scavone, Haller & Niro**<br>Raymond P. Niro<br>Christopher J. Lee<br>Richard B. Megley, Jr.<br>William W. Flachsbart<br>181 West Madison Street, Suite 4600<br>Chicago, IL 60602-4515<br>Tel: (312) 236-0733<br>Fax: (312) 236-3137 | **Katten, Muchin, Zavis, Rosenman**<br>Timothy J. Vezeau, Esq.<br>Nicole Nehama Auerbach, Esq.<br>Martin T. LeFevour, Esq.<br>Michael A. Dorfman, Esq.<br>525 West Monroe Street, Suite 1600<br>Chicago, IL 60661-3693<br>Tel: (312) 902-5200 |

| | |
|---|---|
| **Banner & Witcoff, Ltd.**<br>Mark T. Banner, Esq.<br>Timothy C. Meece, Esq.<br>William J. Allen, Esq.<br>10 South Wacker Dr., 30th Floor<br>Chicago, IL 60606<br>Tel: (312) 463-5000<br>Fax: (312) 463-5001 | **Sidley, Austin, Brown & Wood**<br>Hugh A. Abrams, Esq.<br>Michael F. Harte, Esq.<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, IL 60603<br>Tel: (312) 853-7000<br>Fax: (312) 853-7036 |
| **Kirkland & Ellis**<br>David T. Callahan, Esq.<br>200 E. Randolph Dr.<br>Chicago, IL 60601<br>Tel: (312) 861-2000<br>Fax: (312) 861-2200 | **Fish & Richardson P.C.**<br>John T. Johnson, Esq.<br>John B. Pegram, Esq.<br>45 Rockefeller Plaza, Suite 2800<br>New York, NY 10111<br>Tel: (212) 765-5070<br>Fax: (212) 258-2291 |
| **Fish & Richardson P.C.**<br>Kurt L. Glitzenstein<br>225 Franklin Street<br>Boston, MA 02110-2804<br>Tel: (617) 542 5070<br>Fax: (617) 542 8906 | |

_____

Date: 4/7/03